# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN L. LORD<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>d/b/a AETNA HEALTH, INC., and/or<br>d/b/a AETNA HEALTH MANAGEMENT, LLC<br><br>Defendants. | CASE NO.: 8:14-cv-131 |

## STIPULATED PROTECTIVE ORDER

It appearing that the above-captioned action is likely to involve the disclosure by the parties of confidential information; and it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' legitimate proprietary interests will result should this Order not be entered; and it appearing further that the disclosure of confidential health information is implicated by plaintiff's claims in this action, and this Stipulated Protective Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis (see 45 C.F.R. § 164.512(e)(1)(ii)); and the parties having agreed to keep materials disclosed confidential and to return or destroy such materials in accordance with the terms set forth in this Order,

**IT IS** on this _30th_ day of _June_, 2014, **ORDERED** as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential Health Information" and subject to this Order any information, document, or thing, or portion of any document or thing, without regard to whether the material has been designated confidential generally or "Confidential Health Information" specifically, any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. The term "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to HIPAA. See 45 C.F.R. § 164.103 (defining "individually identifiable health information" and "protected health information"). "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information. "Confidential Health Information" does not include any document or information that has all of the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted:

(a)      names;

(b)      all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

(c)      all elements of dates (except year) for dates directly related to an individual, including birth date and date of death;

(d)      telephone numbers;

(e)      fax numbers;

(f)      electronic mail addresses;

(g)      social security numbers;

(h)      medical record numbers

(i)      health plan beneficiary numbers;

(j)      account numbers;

(k)      certificate/license numbers;

(l)      vehicle identifiers and serial numbers, including license plate numbers;

(m)     device identifiers and serial numbers;

(n)      web universal resource locators ("URLs");

(o)      internet protocol ("IP") address numbers;

(p)      biometric identifiers, including finger and voice prints;

(q)      full face photographic images and any comparable images.

2.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing:   (a) that contains trade secrets or competitively sensitive technical,

3

marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order who discloses any Confidential material, including without limitation any information, document, thing, or pleading, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

3.      Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  "Attorneys' Eyes Only" documents shall specifically include Aetna's provider rate information, fee schedules and provider contracts. Any party to this litigation or any third party who is covered by this Order who discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, or pleading, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4.      All Confidential Health Information and Confidential material, and Attorneys' Eyes Only material, shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to

4

anyone other than those individuals set forth in Paragraphs 5 and 6, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the Court. However, it is understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Health Information or Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential Health Information or Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties or by order of the Court.

     5.    Confidential material and the contents of Confidential material, and Confidential Health Information, may be disclosed only to the following individuals under the following conditions:

    (a)    Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    (b)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    (c)    The Court and court personnel;

    (d)    Vendors retained by or for the parties to assist in preparing for hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    (e)    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in the matter.

6.      Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

       (a)      Outside counsel (herein defined as any attorney at the parties' outside law firms);

       (b)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

       (c)      The Court and court personnel;

       (d)      Vendors retained by or for the parties to assist in preparing for hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

7.      Confidential Health Information and Confidential material, and Attorneys' Eyes Only material, shall be used only by individuals permitted access to such material under Paragraphs 5 and 6, respectively.   Confidential Health Information and Confidential and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.      If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

       (a)      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with

6

particularity the grounds for asserting that the document or information is Confidential Health Information, Confidential, or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)    If a dispute as to a Confidential Health Information, Confidential, or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the parties shall submit the dispute to the Court for resolution using the joint letter protocol set forth in Paragraph 9 of the Pretrial Scheduling Order.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      A party seeking to file any documents and/or things under seal shall file a motion pursuant to Local Civil Rules 7.5.  Designation under this Order alone is not a sufficient basis to seek to seal.

10.     If the need arises at any hearing before the Court for a party to disclose Confidential Health Information or Confidential or Attorneys' Eyes Only information,  it may do so only after giving notice to the producing party and as directed by the Court.  Nothing herein constitutes a ruling that any information will be sealed or that an in camera presentation will be permitted.

11.     If, at any time, any person, other than the party who originally produced Confidential Health Information or Confidential or Attorneys' Eyes Only information receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the party who produced such materials.  The party who produced such materials then shall have the burden of defending against or objecting to such request.  The person to whom the

7

subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by a Court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if the party who produced the materials does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request.

12.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Health Information or Confidential or Attorneys' Eyes Only material that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after disclosure that the material should have been designated Confidential Health Information, Confidential, or Attorneys' Eyes Only. Such notice shall constitute a valid designation of the information, document or thing as Confidential Health Information, Confidential, or Attorneys' Eyes Only under this Confidentiality Order. Provided, however, Confidential Health Information shall be treated in accordance with this Order without regard to any designation or claim of protection at the time of production.

13.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself

constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure by filing an appropriate application with the Court.

14.     No information that is in the public domain or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes' Only material under this Confidentiality Order.

15.     No person, firm, corporation, or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Health Information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Confidential Health Information.

16.     This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17.     This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

18.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Health Information or Confidential or Attorneys' Eyes Only information and to destroy, should such source so request, all copies of such materials that contain and/or constitute attorney work

product as well as excerpts, summaries and digests revealing such Confidential Health Information or Confidential or Attorneys' Eyes Only information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Order.  To the extent a party requests the return of such material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

_____
Honorable

*Thomas D. Thalken*
*U.S. Magistrate Judge*

I hereby agree to the terms of the above Order.


DATE:  June 27, 2014


                                                    BY:     s/Mark A. Fahleson
                                                            _____
                                                            Mark A. Fahleson (#19807)
                                                            Tara Tesmer Paulson (#24454)
                                                            REMBOLT LUDTKE, LLP
                                                            1201 Lincoln Mall, Ste. 102
                                                            Lincoln, NE 68508
                                                            Ph:  (402) 475-5100
                                                            mfahleson@remboltlawfirm.com
                                                            tpaulson@remboltlawfirm.com


DATE: June 27, 2014


                                                    BY:     s/Mark A. Weber
                                                            _____
                                                            Mark A. Weber (#18666)
                                                            CARLSON BURNETT
                                                            816 S. 169th Street
                                                            Omaha, NE  68118
                                                            Ph:  (402) 403-4358
                                                            mark@carlsonburnett.com


10